IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUIS ARIZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-256-M-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Luis Ariza ("Petitioner") filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 251st District Court of Randall County, Texas for the enhanced first-degree felony offense of possession of a controlled substance with intent to deliver methamphetamine in an amount of 400 grams or more (enhanced by a prior felony conviction) and the resultant thirty-year sentence. For the reasons set forth below, the undersigned United States Magistrate Judge recommends that Petitioner's application for federal habeas corpus relief under Section 2254 of Title 28 of the United States Code be DENIED.

## I.    BACKGROUND

Petitioner was charged by Indictment in Randall County, Texas with possession of a controlled substance with intent to deliver methamphetamine in an amount of 400 grams or more, in violation of Section 481.112(f) of the Texas Health & Safety Code. (ECF 17-13 at 140); *see* Tex. Health & Safety Code Ann. § 481.112(f) (West 2009) ("An offense under Subsection (a) is punishable by imprisonment in the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000, if the amount of

the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 400 grams or more.”); *State v. Ariza*, No. 28352C. Specifically, the Indictment alleged that on or about September 28, 2017, Petitioner:

> did then and there knowingly possess, with intent to deliver, a controlled substance, namely: methamphetamine, in an amount by aggregate weight, including any adulterants or dilutants, of four hundred (400) grams or more[.]

(ECF 17-13 at 140). The Indictment further alleged that Petitioner had a prior felony conviction for possession of a controlled substance, for purposes of enhancing the range of punishment under Section 12.42 of the Texas Penal Code. (*Id.*); *see* Tex. Penal Code Ann. § 12.42 (West 2011).

After Petitioner was admonished and entered his written, voluntary waivers and judicial confession, the trial court accepted Petitioner's plea of guilty. (ECF 17-13 at 141–47). On December 10, 2018, the trial court sentenced Petitioner to confinement for a period of thirty years in the Texas Department of Criminal Justice—Correctional Institutions Division, pursuant to the plea bargain agreement. (*Id.* at 153–57).

Petitioner did not file a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas. (ECF 5 at 3). However, Petitioner sought collateral review of his conviction and sentence by filing a petition for state habeas corpus relief with the Texas Court of Criminal Appeals ("TCCA") on March 19, 2019.[1] (ECF 17-13 at 4–20). On February 5, 2020, the TCCA denied Petitioner's state habeas application without written order on the findings of the trial court after a hearing and on the TCCA's independent review of the record. (ECF 17-1 at 1).

---

[1] "[U]nder Texas law the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities[.]" *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). Petitioner's state habeas application does not indicate when Petitioner submitted it to prison authorities. (*See* ECF 17-13 at 4–20). The Court will assume that Petitioner delivered his state habeas application to prison authorities on the date the application was signed. (*See id.* at 17, 20).

Petitioner filed the instant federal petition on November 25, 2020.[2] (*See* ECF 5 at 10). Respondent filed an Answer with Brief in Support on March 17, 2021. (ECF 18). Petitioner's reply was filed on February 7, 2022. (ECF 34).

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of counsel, because his trial counsel:
   a. failed to investigate;
   b. failed to file a motion to suppress the search warrant and illegally obtained evidence;
   c. had a conflict of interest; and
   d. failed to convey the plea bargain offer of 25 years; and

2. The trial court lacked jurisdiction, because the search warrant and accompanying affidavit were not issued according to state law and the Fourteenth Amendment.

(ECF 5 at 6–7).

## III.     STANDARD OF REVIEW

Section 2254 of Title 28 of the United States Code authorizes a federal court to entertain a petition for a federal writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, a court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless a petitioner shows that the prior adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the

---

[2] For purposes of determining the applicability of the AEDPA, a *pro se* inmate's federal habeas petition is filed on the date it is placed in the prison mail system. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (citing *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998)).

Supreme Court of the United States; or

2.     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

The Supreme Court has concluded the "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the "contrary to" clause, a federal habeas court may grant relief if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Brown*, 544 U.S. at 141; *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) ("A state court's decision is 'contrary to' our clearly established law if it 'applies a rule that contradicts the governing law set forth in our cases' or it 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'"). A state court's failure to cite Supreme Court authority does not, per se, establish the state court's decision is "contrary to" clearly established federal law: "the state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decisions contradicts them.'" *Mitchell*, 540 U.S. at 16.

Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Brown*, 544 U.S. at 141; *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *McDaniel v. Brown*, 558 U.S. 120, 132–33 (2010) ("A federal habeas

4

court can only set aside a state-court decision as 'an unreasonable application of . . . clearly established Federal law,' § 2254(d)(1), if the state court's application of that law is 'objectively unreasonable.'"); *Wiggins*, 539 U.S. at 520–21. The focus of this inquiry is on whether the state court's application of clearly established federal law was objectively unreasonable—an "unreasonable" application is different from a merely "incorrect" one. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under the [Antiterrorism and Effective Death Penalty Act ("AEDPA")] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."); *Wiggins*, 539 U.S. at 520; *Price v. Vincent*, 538 U.S. 634, 641 (2003) ("[I]t is the habeas applicant's burden to show that the state court applied that case to the facts of his case in an objectively unreasonable manner"). "Under the [AEDPA], a state prisoner seeking a writ of habeas corpus from a federal court 'must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter,* 562 U.S. 86, 101 (2011)).

This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951

(holding that a full and fair hearing is not a precondition according to section 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying section 2254(d)'s standards of review). A "paper hearing" is sufficient to afford a full and fair hearing on factual issues, especially where the trial court and state habeas court were the same. *Hill v. Johnson,* 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson,* 205 F.3d 809, 816 (5th Cir. 2000).

Furthermore, a denial, even though it does not contain a written opinion, is not silent or ambiguous. *See Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits). It is a decision on the merits and is entitled to the federal statutes' standard of deference. 28 U.S.C. § 2254(d); *see also Neal v. Puckett,* 239 F.3d 683, 686 (5th Cir. 2001) (explaining that in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive"). The Supreme Court has reconfirmed that Section "2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Even if "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. at 98.

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). This standard is difficult to meet, and the Supreme Court has affirmed that "it was meant to be" so. *Id*. at 102.

Finally, the Supreme Court has also held that review under Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Perhaps more compelling, the Supreme Court made clear

6

that Section 2254(e)(2)—the statutory mechanism through which Congress limited a petitioner's ability to obtain a federal evidentiary hearing (and to expand the federal habeas record)—has no application when a federal court reviews claims pursuant to Section 2254(d), whether or not a petitioner might meet the technical requirements of section 2254(e)(2). *See id.* at 183–86 (showing that the Supreme Court explicitly rejected the proposition that Section 2254(d)(1) has no application when a federal court admits new evidence under Section 2254(e)(2)); *see also id.* at 203 n.20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record . . . [violated § 2254(d)(1),] our analysis is at an end. We are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim.") (internal citation omitted). The Supreme Court reasoned:

> Today, we . . . hold that evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Id*. at 185. Therefore, this Court must review the reasonableness of the state court determinations under Section 2254(d), with reference only to the record actually before the state court.

## IV.    ANALYSIS

As noted above, Petitioner's petition contains five grounds. The first four grounds are that he received ineffective assistance of trial counsel, because his trial counsel: (1) failed to investigate; (2) failed to file a motion to suppress the search warrant and illegally obtained evidence; (3) had a conflict of interest; and (4) failed to convey the plea bargain offer of 25 years. (*See* ECF 5 at 6–7). Petitioner's fifth ground is that the trial court lacked jurisdiction, because the search warrant and accompanying affidavit were not issued according to state law and the Fourth Amendment. (*See id.* at 7). The Court will begin by addressing Respondent's argument that Petitioner's third ground—that his trial counsel had a conflict of interest—is unexhausted and

procedurally barred. (*See* ECF 18 at 2).

### A. Petitioner's Conflict of Interest Claim (Ground Three) is Unexhausted and Procedurally Defaulted

Petitioner claims in his federal petition that he "was denied the effective assistance of counsel during critical pre-trial stages of the proceedings," because his trial counsel "labored under a conflict of interest." (ECF 5 at 6). Respondent contends that this ground should be dismissed with prejudice as unexhausted and procedurally barred. (ECF 18 at 6, 8–10).

Section 2254 provides:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

   (A)   the applicant has exhausted the remedies available in the courts of the State; or

   (B)(i)   there is an absence of available State corrective process; or

   (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

   (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

. . .

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1)–(2), (c). The exhaustion doctrine set forth in Section 2254 requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (alterations, internal quotation marks, and citations omitted).

To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276 (1971). Further, in order to satisfy the federal exhaustion requirement, a petitioner must fairly present each constitutional claim he wishes to assert in his federal habeas petition to the highest state court in a procedurally proper manner. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. art. 44.45. Claims may be presented to that court on collateral review through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. art. 11.01 et seq., or on direct appeal by a petition for discretionary review.

Respondent is correct in stating that Petitioner did not raise the issue of whether his trial counsel was ineffective because he "labored under a conflict of interest" in his state habeas application. (*See* ECF 17-13 at 9–12). The Court has also reviewed the current online case

information for the Texas Judicial Branch,[3] and it does not appear that Petitioner has presented his claims to the state's highest court by a collateral state habeas corpus application, initially filed with the district court of conviction, challenging the constitutionality of his state court convictions. Therefore, the state's highest court has not had an opportunity to review and determine the merits of Petitioner's claim. Consequently, Petitioner's claim that his trial counsel was ineffective because he had a conflict of interest is unexhausted.

"This Court cannot grant relief on an unexhausted claim." *Ochoa v. Davis*, No. 3:09-CV-2277-K, 2016 WL 5122107, at *9 (N.D. Tex. Sept. 21, 2016) (citing 28 U.S.C. 2254(b)(1)(A)). "Generally, a petition containing both exhausted and unexhausted claims must be dismissed or stayed so that the petitioner may return to state court to exhaust state remedies." *Id.* (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Rose*, 455 U.S. at 519–20). "Such action would be futile and the federal court should find claims to be procedurally barred if 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) and citing *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (holding unexhausted claims ineligible for stay when state court would find them procedurally barred)). "However, a habeas petitioner may avoid the imposition of this bar by demonstrating a recognized exception." *Id.* (citing *Coleman*, 501 U.S. at 750).

"Texas law precludes successive habeas claims except in narrow circumstances." *Id.* (citing Tex. Code Crim. Proc. Ann. art. 11.071, § 5 (West 2015)). "This is a codification of the judicially created Texas abuse-of-the-writ doctrine." *Id.* (citing *Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). "Under this state law, a habeas petitioner is procedurally barred from

---

[3] *See* http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c.

returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State." *Id.* (citing *Barrientes*, 221 F. 3d at 758 n.9). "This is an independent and adequate state law ground to bar federal habeas review." *Id.* (citing *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008); *Canales v. Stephens*, 765 F.3d 551, 566 (5th Cir. 2014)). "Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown." *Id.* (citing Beazley v. Johnson, 242 F.3d 248, 264 (5th Cir. 2001)).

The Court finds that Petitioner would not be able to bring his unexhausted claim in another state writ, because the claim would now be barred by the Texas abuse-of-the-writ rule. Petitioner filed a second habeas application, in which he also did not allege that his trial counsel had a conflict of interest, and the TCCA denied that second application as subsequent on September 2, 2020. (ECF 17-16 at 79–80; ECF 17-15 at 1); *see* Tex. Code Crim. Proc. art. 11.07, § 4(a)–(c); *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000) (explaining that article 11.07, section 4 of the Texas Code of Criminal Procedure applies to all subsequent applications). The Court has no reason to believe that a third application would not also be denied as subsequent. Petitioner has not made the necessary showing necessary to return to the Texas courts. *See Barrientes*, 221 F. 3d at 758 n.9. As such, Petitioner is ineligible for a stay. *See Rhines*, 544 U.S. at 277–78; *Rose*, 455 U.S. at 519–20. Petitioner's claim that his trial counsel had a conflict of interest should be DENIED as barred.

### B. Petitioner's Remaining Ineffective Assistance of Counsel Claims (Grounds One, Two, and Four) are Waived

Claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial

or on direct appeal, are reviewed under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). First, a petitioner must demonstrate his attorney's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88. A petitioner must prove entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017) ("It is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed . . . by the Sixth Amendment' that *Strickland*'s first prong is satisfied.") (quoting *Strickland*, 466 U.S. at 687).

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752–53 (5th Cir. 2003).

Second, a petitioner must show his attorney's substandard performance prejudiced him. *See Strickland*, 466 U.S. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[T]he question is not

whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. An inquiry into counsel's performance is unnecessary if a petitioner fails to show prejudice. *See Strickland*, 466 U.S. at 697.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of Section 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351–54 (5th Cir. 2010). In other words, under the AEDPA, a federal district court cannot grant a habeas application with respect to an IAC claim that was adjudicated on the merits in state court unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" *See id.*; 28 U.S.C. § 2254(d)(1). The AEDPA does not permit a *de novo* review of state counsel's conduct on federal habeas review of IAC claims. *Harrington*, 562 U.S. at 101–02, 109. Rather, the court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen*, 563 U.S. at 190; *see Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of IAC claims is doubly deferential "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'" and "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt.'") (quoting *Burt v. Titlow*, 571 U.S. 12, 15, 22 (2013)). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard" but instead "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101.

13

In his first ground, Petitioner contends that that he "was denied the effective assistance of counsel," because his trial counsel "failed to competently investigate [the] legality of [the] search warrant." (ECF 5 at 6). In his second ground, Petitioner asserts that his trial counsel was ineffective for failing to "file [a] motion to suppress the illegally obtained evidence" and the search warrant. (*Id.*). In his fourth ground, Petitioner contends that his trial counsel "failed to convey [a plea agreement] offer" that was "subsequently withdrawn on May 25, 2018 due to inaction." (*Id.*).

However, "[a] guilty plea generally waives constitutional deprivations occurring prior to the plea." *Puckett v. Davies*, No. 3:18-CV-1055-B (BT), 2019 WL 4119259, at *5 (N.D. Tex. Aug. 2, 2019), *report and recommendation adopted*, No. 3:18-CV-1055-B (BT), 2019 WL 4085174 (N.D. Tex. Aug. 29, 2019) (citing *Haring v. Prosise*, 462 U.S. 306, 319–20 (1983)). "Moreover, a knowing and voluntary guilty plea waives all nonjurisdictional defects that occurred prior to the plea." *Id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992)). "Additionally, this waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea." *Id.* (citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Petitioner did not assert in his Petition or Brief that his plea was involuntary or unknowingly made. (*See* ECF 5; ECF 12). However, Petitioner argues in his Reply to Respondent's Answer that "the issues of his trial counsel's ineffectiveness, caused him to execute a plea agreement involuntarily and unintelligently." (ECF 34 at 3). Specifically, he claims that he asked his trial counsel "on the morning of trial" whether he should have a bench or jury trial, and that his trial counsel responded, "Well, I don't know. What do you want to do?" (*Id.* at 6). Petitioner contends that "no [] ad[v]ice is just as incompetent as bad advice!" (*Id.*). Petitioner "is averring that because [his trial counsel] failed to "Assist" him, he had no choice but to accept the

plea offer." (*Id.* at 8–9). Petitioner offers no other argument or evidence that his plea was allegedly "involuntarily and [made] unintelligently." (*See* ECF 34 at 3).

The Court notes that Petitioner clearly signed his "Judicial Confession" and the waivers within the Plea Memorandum, as evidenced by his signatures. (*See* ECF 17-13 at 141–47). The trial court fully admonished Petitioner of the range of punishment he faced for possession of a controlled substance with intent to deliver in an amount greater than 400 grams, enhanced, in the Plea Memorandum. (*Id.* at 141) (stating "Special punishment range: **15 years to 99 years or life** and a fine of []**up to $250,000**"). After being carefully admonished, Petitioner still chose to plead guilty, as indicated by his signature on the "Judicial Confession," which states:

> I, the Defendant, hereby swear that I have read the Indictment or Information in this case and that I understand everything it contains
>
> ☒    The defendant judicially confesses to committing the offense of **possession of a controlled substance in an amount of 400 grams or more** exactly as charged in the indictment or information. The defendant further pleads guilty to the specified offense.
> . . .
> ☒    True to enhancement paragraphs in the Indictment or Information.
>
> **Defendant's approval.** The defendant understands the warnings and information set out above and is aware of the consequences of this plea. The defendant is mentally competent now and was sane at the time of the commission of the offense. Defendant requests that a pre-sentence investigation report not be made.

(*Id.* at 147). Following these admonishments and Petitioner's plea, the trial court sentenced Petitioner to confinement for a period of thirty years, pursuant to the agreed recommendation in the plea bargain agreement. (*See id.* at 153).

Petitioner's claims that his trial counsel was ineffective because he failed to investigate, failed to file a motion to suppress, and failed to convey a plea bargain offer of 25 years do not relate to Petitioner's entry of his guilty plea. As such, these claims are waived. *See Smith*, 711 F.2d at 682. Because Petitioner's plea was voluntary and knowing, Petitioner's first, second, and fourth

grounds are without merit and should be DENIED.

**C. Petitioner's Illegal Search Warrant and Affidavit Claim (Ground Five) is Waived**

In his final ground, Petitioner asserts that "[t]he trial court lacked subject matter jurisdiction due to fraudulent documents filed with the clerk [and] presented to [the] grand jury." (ECF 5 at 7). Petitioner contends that "[t]he search warrant and affidavit [were] not 'issued' according to state law as well as constitutional requirements[.]" (*Id.*). He also contends that his "counsel was ineffective for not challenging" the jurisdiction. (*Id.*).

To the extent Petitioner is asserting that the evidence obtained in his case was obtained through an illegal search and seizure under state law and the Fourth Amendment, Petitioner is precluded from raising that claim. As explained above, Petitioner waived the right to challenge "all nonjurisdictional defects that occurred prior to the plea." *See Tollett*, 411 U.S. at 267. Although Petitioner asserts that "[t]he trial court lacked subject matter jurisdiction" due to these alleged violations under state law and the Fourth Amendment, his claim attacks the validity of the search warrant and affidavit issued in this case—*i.e.*, nonjurisdictional defects. (*See* ECF 5 at 7). Finally, to the extent that Petitioner has raised an ineffective assistance of counsel claim related to his fifth ground, that claim is likewise waived for the reasons stated above. *See Smith*, 711 F.2d at 682. Petitioner's fifth ground should be DENIED.

## V.   <u>RECOMMENDATION</u>

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the Chief United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Luis Ariza be DENIED.

## VI.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 8, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).